THOMAS S. IRELAND *v.* C. MENDALL, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—858.]

**Vendor's Lien.**
> Under the Civil Code of 1854 the vendor had no lien for unpaid purchase-money where it was expressly stated in the deed what part of the consideration remained unpaid; still if a deed is made by a commission of the court on credit a lien is retained on the property for its price.

APPEAL FROM LEWIS CIRCUIT COURT.

April 10, 1884.

OPINION BY JUDGE LEWIS:

In December, 1874, appellants purchased under executions against

appellee, Pugh, and others the lots of land in controversy and afterwards received a deed therefor from the sheriff who made the sale. In May, 1876, they proceeded by motion to obtain judgment against Pugh for the possession of the property, and that proceeding is yet pending and undetermined. This action was commenced in 1880 by petition in equity against Pugh and others to recover possession of the property, to compel him to account for rents and to compel Halbert & Baird, executors, to release a mortgage held by their testator, who was a defendant in the execution.

It appears that the mortgage was given by Pugh to W. C. Halbert, deceased, to indemnify him as Pugh's security in the debts to satisfy which the lots were sold, and that both Pugh and Halbert in writing given to the sheriff gave up the lots in controversy for sale, and that no claim has since been set up by Halbert or his representatives to the land. But even if there had been such a claim they are not parties to this appeal and their rights can not be considered.

Pending this action appellees, C. and J. L. Mendall, were upon their petition made parties and filed an answer and cross-petition in which they state that by a judgment rendered in the Lewis Circuit Court in 1871 in their favor and against one Durret the lots in controversy were directed to be sold to satisfy a debt Durret owed to them, and at the commissioner's sale made in pursuance of that judgment appellee, Pugh, became the purchaser at the price of $1,000 for which he executed a sale bond, as provided by law in such cases, payable to appellees, plaintiffs in that action. They further say that though a deed was made to Pugh for the lots he has not in fact fully paid off the sale bond, but a balance of $——— yet remains unsatisfied. They therefore assert a prior lien upon the lots and ask a judgment for the sale of so much thereof as may be necessary to satisfy the balance of the money due on the sale bond. Upon final hearing the court rendered judgment dismissing appellant's petition as to appellee, Pugh, and subjecting the lots to the satisfaction of the balance of the sale bond unpaid.

As the proceeding by motion to recover the lots from Pugh was at the time this action was commenced and is yet pending, we think the action as to him was properly dismissed. At the time the lots were sold and purchased by the appellee, Pugh, the Revised Statutes of 1852 and Civil Code of 1854 were in operation, and must

govern in determining whether appellees, the Mendalls, have a lien for the payment of their sale bond unpaid.

Revised Statutes 1852, ch. 80, § 26, is as follows: "When any real estate shall be hereafter conveyed, and the purchase-money or any part thereof shall remain unpaid at the time of the conveyance, the grantor shall not thereby have a lien for the same, unless it be expressly stated in the deed what part of the consideration remains unpaid." This section was intended for the protection of creditors and purchasers, without notice, and by its terms imposes a duty on grantors of real estate and makes the existence and the right on their part to enforce a lien as against third persons conditioned upon the part of the consideration unpaid being expressly stated in the deed, but does not apply to plaintiffs in a judicial sale who are in no sense grantors, the title being in the debtor or defendant and the conveyance made by a commissioner of court.

Civil Code 1854, § 405, provides that in sales of real property on credit, under judgment of court, a lien shall be retained on the property for its price. But the provision does not apply to a conveyance made by a commissioner of court, for by § 424 it is provided that real property may be conveyed by a commissioner appointed by the court when such property has been sold under judgment or order of court, and the purchase-money paid. While a conveyance by a commissioner appointed by the court should not be held invalid to the prejudice of the purchaser, nor destroy the lien given by law to the plaintiff, merely because it was made before the purchase-money was paid, that section shows clearly that it was not intended that the commissioners making the deed should be required to expressly state what part of the consideration remains unpaid. Nor is it necessary for the protection of creditors and purchasers that it should be done, for the proceedings under which a judicial sale is made are of record, and the sale bond is required to be filed, where it may be inspected and the amount of the consideration unpaid may be ascertained.

The only question in this case is whether in fact any part of the sale bond given by Pugh to appellees, the Mendalls, remains unpaid. It was shown that $——— thereof is yet unpaid, and that being the case the court below properly adjudged the lots subject to the payment thereof.

Wherefore the judgment is *affirmed*.

*E. F. Dulin, for appellant.*
*Wm. Lindsay, for appellees.*